IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

            Plaintiff,                              ORDER

v.

                                               12-cr-138-jdp

RICKY SIMPSON,

            Defendant.

---

      A hearing on the probation office's petition for judicial review of Ricky Simpson's probation was held on January 8, 2015, before U.S. District Judge James D. Peterson. The government appeared by Assistant U.S. Attorney Rita Rumbelow. The defendant was present in person and by counsel, Associate Federal Defender Kelly Welsh. Also present was Supervisory U.S. Probation Officer Michael P. Bell.

      From the record and the parties' stipulation, I make the following findings of fact.

## FACTS

      The defendant was sentenced in the Western District of Wisconsin on May 3, 2013, following his conviction for credit card fraud, in violation of 18 U.S.C. § 1029(a)(1), which was a Class C felony. He was sentenced to five years' probation.

      The defendant began his term of probation on May 3, 2013.

      The defendant violated the mandatory condition prohibiting him from committing another federal, state or local crime; the mandatory condition prohibiting him from possessing or using any controlled substances; and Standard Condition No. 7 prohibiting him from the purchase, possession, or use of controlled substances, unless prescribed by a physician. On April 16, 2014, the defendant tested positive for cocaine. On August 18, 2014, the defendant tested positive for cocaine and marijuana. In addition, defendant is several months behind in his

restitution payments. Through counsel, defendant stipulated to the violations.

The defendant's conduct falls into the category of a Grade C violation. In addressing such violations, the Court has the discretion to revoke probation or modify the conditions of probation.

The government indicated that it had been prepared to seek revocation, but that it had determined that a psychological evaluation followed by any recommended treatment or counseling would be appropriate. Defendant's counsel agreed with this recommendation.

Defendant contended that he was behind on restitution payments because his current job is seasonal and does not pay enough to cover his expenses and restitution. He contended that his work schedule caused him to miss scheduled drug tests and that he had attempted to reschedule those tests as best he could. He admitted that he had simply forgotten a counselling session.

CONCLUSIONS

It appears that the defendant understands the severity of his violations and the resultant consequences. Any additional violations will be reported to the Court, and future violations could reasonably result in revocation of his probation.

ORDER

IT IS ORDERED that the defendant's term of probation be allowed to continue with the addition of the following special condition:

> "The defendant shall participate in mental health referral, assessment and treatment as approved by the supervising U.S. probation officer and comply with all rules, regulations and recommendations of the mental health agency or its representative to the extent approved by the supervising U.S. probation officer. The defendant is required to obtain his own funding for services."

It is also ordered that the defendant complete the Positive Attitude Development (PAD)

program in conjunction with his mental health treatment, unless his mental health assessment recommends against that program. Defendant is to appear before the court in 60 days so that the court can review his compliance with the conditions of probation.

The defendant is advised to comply fully with his conditions of supervision as any future noncompliance could result in revocation of his term of probation.

Entered this 8th day of January, 2015.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge