IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                          Plaintiff,                             ORDER

             v.                                  12-cr-138-jdp-1

RICKY A. SIMPSON,

                          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Ricky A. Simpson's probation was held on August 23, 2016, before U.S. District Judge James D. Peterson. The government appeared by Assistant U.S. Attorney Jeff Anderson. The defendant was present in person and by counsel. Also present was Senior U.S. Probation Officer Kristin E. Kiel.

From the record and stipulation I make the following findings of fact.

FACTS

The defendant was sentenced in the Western District of Wisconsin on May 3, 2013, following his conviction for credit card fraud, in violation of 18 U.S.C. § 1029(a)(1). This offense is a Class C felony. He was sentenced to a five-year term of probation and his term began immediately after sentencing.

On September 3, 2013, the defendant was returned to court for violations that included using cocaine and marijuana, ingesting Adderall without a prescription, and subterfuge of a urine specimen. The defendant stipulated to the violations. No disposition was rendered and the hearing was continued. On December 17, 2013, the defendant returned to court for judicial

review. As a result of the defendant's positive strides at the time, his probation was not revoked.

On January 8, 2015, the defendant appeared for a judicial review after violating his conditions of supervised release by using cocaine and marijuana, and failing to pay his restitution as ordered. The Court continued the defendant's term of probation with the condition that he participate in mental health referral, assessment and treatment, and complete the Positive Attitude Development (PAD) program. The defendant indicated he was willing to follow Dr. Thomas Moran's recommendation and to begin medication to assist him with his symptoms after being diagnosed as suffering from attention-deficit/hyperactivity disorder (ADHD). The defendant was also ordered to (1) meet with Dr. Moran two times per month for an hour counseling session; (2) consult with Dr. Kenneth Hermann for prescription of medication to address his ADHD diagnosis; (3) appear before the Court on May 15, 2015, so that the Court could review his compliance with the conditions of his probation, and (5) comply fully with his conditions of supervision as any future noncompliance could result in revocation of his term of probation.

The defendant appeared for a status conference on June 3, 2015, at which time the Court was informed that the defendant was doing well and making progress in all areas other than restitution. The defendant was commended for his improved performance.

It is alleged that the defendant then violated the mandatory conditions of his supervised release prohibiting him from committing another federal, state or local crime; and unlawfully possessing or using a controlled substance. It is also alleged that he violated Standard Condition No. 7 prohibiting him from purchasing, possessing, using, distributing or administering any controlled substances except as prescribed by a physician. On September 29, 2015, the defendant tested positive for cocaine use. On December 2, 2015, he tested positive for marijuana use. On December 15, 2015, he tested positive for cocaine and marijuana use.

On December 16, 2015, the defendant was admitted to the Attic Residential inpatient drug treatment program.  On January 29, 2016, the defendant completed this inpatient drug program.

On July 19, 2016 the defendant submitted a random urinalysis test that was positive for cocaine.  The defendant denies drug use.

To his credit, the defendant continues to participate in outpatient mental health counseling with Dr. Moran, outpatient substance abuse treatment and testing and with the Positive Attitude Development Program (PAD).

To his credit the defendant has come into compliance with his restitution payment schedule.  He made a $500 payment on April 18, 2016 and a $1,268 payment on April 27, 2016.  He last made a $200 payment on June 16, 2016.  He has not made a payment since that time.  He has paid a total of $4,568.00 as of today's date.  He has a remaining balance of $69,898.76.

Defendant did not stipulate to the use of cocaine, but he stipulated to a Grade C violation.  Defendant's counsel, however proposed an alternative to incarceration, such as a period of home detention.  I will defer a ruling on the probation office's petition for review of defendant's supervised release to give the defendant an opportunity to demonstrate his commitment to change.  In addition I will add another special condition as ordered below.  Defendant did not object to this condition.

Future reports of positive drug tests will result in revocation, with a probable sentence of 6 months incarceration, 6 months of supervised released, including 60 days at a residential re-entry center.[1]

## ORDER

IT IS ORDERED that a ruling on the probation office's motion for judicial review of defendant Ricky Simpson's supervised release is deferred. An additional special condition is added as follows:

| | | |
|---|---|---|
| 5) | **Four months of home confinement with location monitoring; except for work hours and 45 minutes before and after work; work hours are to be reported to the supervising probation officer. Other relief, such as for doctor appointments or counseling by approval of the supervising probation officer** | To provide for community safety and rehabilitation of defendant. 18 U.S.C. § 3553(a)(1), (a)(2)(A), (B) and (C); 18 U.S.C. § 3563(b)(18); 18 U.S.C. § 3603(2), (3), (4) and (7); USSG § 5B1.3 (b)(1)(A), (B), (C) and (D); USSG § 5D1.3 (b)(1)(A), (B) and (C). |

Entered this 26th day of August, 2016.

BY THE COURT:

_/s/_____
Honorable James D. Peterson
U.S. District Judge

---

[1] Pursuant to the Seventh Circuit Court of Appeals decision in United States v. Trotter, 270 F. 3d 1150, 1152 (7th Cir. 2001), the Court may find that Mr. Simpson's conduct falls into a category of a Grade B violation if it is determined that Mr. Simpson possessed cocaine and marijuana when he used the substance on the above noted dates.  Mr. Simpson has prior convictions for sale of cannabis and possession of a controlled substance would constitute a felony offense.  Mr. Simpson's criminal history category is III.  With a Grade B violation and a criminal history category of III, he has an advisory guideline range of imprisonment is 8 to 14 months. Mr. Simpson's original offense was a Class C felony; therefore, the statutory maximum term of imprisonment he may receive if supervised released is revoked is 24 months.